IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA PINNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-00098 |
| | ) |
| CRAWFORD COUNTY, MISSOURI, | ) JURY TRIAL DEMANDED |
| | ) |
| and | ) |
| | ) |
| SHERIFF DARRIN LAYMAN, in his | ) |
| individual and official capacities, | ) |
| | ) |
| and | ) |
| | ) |
| LT. ZACH DRISKILL, | ) |
| in his individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**PARTIES & JURISDICTION**

1.      At all times relevant herein, Plaintiff, Angela Pinnell (hereinafter "Pinnell"), was and is a resident Crawford County, Missouri.  At all times relevant herein, Pinnell was employed by Crawford County through the Crawford County Sheriff's Department, located in Crawford County in the Eastern Division of the Eastern District of Missouri.

2.      Defendant Crawford County, Missouri (hereinafter "County") is a county located in the Eastern Division of the Eastern District of Missouri formed under the constitution and laws of the state.

3.      Defendant Sheriff Darrin Layman (hereinafter "Layman") was at all times

relevant herein and is the sheriff of Crawford County, Missouri. He is sued in his individual and official capacities.

4. Defendant Lt. Zach Driskill (hereinafter "Driskill") was at all times relevant herein and is a lieutenant in the Crawford County Sheriff's Department. He is sued in his individual and official capacities.

5. The adverse employment action Pinnell suffered when she was fired after she reported sexual harassment occurred in Crawford County within the Eastern Division of the Eastern District of Missouri.

6. This action is brought pursuant to 42 U.S.C. §2000(e) *et seq.* and 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

9. Pinnell began her employment with the County in December 2016 when she was employed by the Crawford County Sheriff's Department (hereinafter "Department") as a deputy sheriff.

10. She worked as a sheriff's deputy until June 7, 2017 when she was fired by Defendants after she complained about sexual harassment.

11. On or about May 19, 2017, Pinnell was taking a prisoner to St. Louis with Cpl. Grissom (hereinafter "Grissom"). After they delivered the prisoner, Grissom drove Pinnell around the St. Louis area, to include but not be limited to a gas station by the house of Grissom's first girlfriend.

12. Grissom told Pinnell that this girlfriend was the first girl he ever had sex with, that

he was a late bloomer, and that he wished he had started having sex at an earlier age because he liked sex.

13. Grissom then showed Pinnell where he met his wife and told her that he was not happy with his sex life because he is a "red blooded male who likes sex."

14. Grissom then started telling Pinnell about an affair he had, until his wife found out about it, and how much fun the affair was because he was getting the sex he could not get at home. Grissom told Pinnell that he had great sex with his wife for a while after the affair was discovered, but it did not last long.

15. Pinnell was uncomfortable with Grissom's comments about his sex life, not only because they were inappropriate but because she believed he was testing the waters with her.

16. When Pinnell returned to the Crawford County Sheriff's Department, she reported Grissom's sexual discussions with her to Jessica, a shift supervisor.

17. A few days later, Pinnell was assigned to ride with Grissom on another prisoner run.

18. Pinnell and Grissom were asked to deliver another federal prisoner after the first was delivered and had time to do so that day. However, Grissom arranged for other deputies to deliver the prisoner and took Pinnell to Suson Park.

19. While on the way to Suson Park, Grissom told Pinnell it was where he took his wife on their first date and that they had sex afterwards.

20. At Suson Park, Pinnell went for a walk to get away from Grissom.

21. A day or two after this second encounter with Grissom, Sgt. Jessica Hanner (a different Jessica from the shift supervisor) called Pinnell into her office to discuss Grissom's inappropriate sexual comments to Pinnell.

22. Hanner told Pinnell that she would tell Grissom that such comments were inappropriate,

23. Hanner also told Pinnell that she would talk to Driskill about Grissom's inappropriate sexual comments.

24. Hanner also told Pinnell that this was just the way Grissom was: that he talked to all of the females that way. This shows Defendants had actual knowledge of Grissom's inappropriate sexual comments before Pinnell was subjected to them.

25. Upon information and belief, Defendants did not investigate Pinnell's allegations against Grissom or discipline him.

26. Instead, on June 7, 2017, Defendants fired Pinnell for conduct that is alleged to have occurred on or about May 19, 2017, while Pinnell was riding with Grissom.

27. Upon information and belief, men who were alleged to have engaged in the same conduct were not terminated by Defendants.

28. Pinnell timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

29. The EEOC issued Pinnell a "right to sue" letter on October 30, 2018.

30. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer lost wages and other benefits of employment.

31. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

## COUNT I
## PLAINTIFF'S TITLE VII RETALIATION CLAIM

For Count I of Plaintiff's cause of action against Defendant Crawford County, Missouri, Plaintiff states:

32. Pinnell alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of her Complaint.

33. Pinnell engaged in protected activity when she reported Grissom's sexual harassment to the shift supervisor on or about May 19, 2017 and then reported this misconduct to Hanner several days later.

34. On June 7, 2017, Defendants fired Pinnell.

35. Pinnell's termination was causally linked to her reports of sexual harassment.

36. The actions, policies and practices complained of herein were in violation of Pinnell's rights secured by 42 U.S.C. §2000(e) *et seq.*

37. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer lost wages and other benefits of employment.

38. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

WHEREFORE, Plaintiff Angela Pinnell prays this Court enter judgment in her favor and against Defendant Crawford County, Missouri, and thereafter order Defendant to make her whole by awarding her damages for lost wages and benefits of employment; awarding damages to Pinnell for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life,

stress and loss of personal and professional reputation; awarding Pinnell the costs of this action, together with her reasonable attorneys' fees; and granting such other relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT II
## PLAINTIFF'S TITLE VII GENDER DISCRIMINATION CLAIM

For Count II of Plaintiff's cause of action against Defendant Crawford County, Missouri, Plaintiff states:

39. Pinnell alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of her Complaint.

40. Pinnell is a member of a protected class, female.

41. Pinnell was meeting her employer's legitimate job expectations.

42. Pinnell suffered an adverse employment action when she was fired.

43. Pinnell was treated differently and less favorably than male employees of the Sheriff's Department when she was fired.

44. The actions, policies and practices complained of herein were in violation of Pinnell's rights secured by 42 U.S.C. §2000(e) *et seq*.

45. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer lost wages and other benefits of employment.

46. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

WHEREFORE, Plaintiff Angela Pinnell prays this Court enter judgment in her favor and against Defendant Crawford County, Missouri, and thereafter order Defendant to make

her whole by awarding her damages for lost wages and other benefits of employment; awarding damages to Pinnell for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation; awarding Pinnell the costs of this action, together with her reasonable attorneys' fees; and granting such other relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT III
## VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

47. Pinnell alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of her Complaint.

48. Defendants, acting under color of state law, acted against Pinnell as set forth above because of her gender, female, causing her to be deprived of rights secured by the Constitution and laws of the United States.

49. The actions, policies and practices complained of herein were in violation of 42 U.S.C. §1983, in that they denied Pinnell of her rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution.

50. The actions complained of herein were made by those with final policy-making authority and/or approved by those with final policy-making authority as part of a deliberate policy of discrimination, to include retaliation.

51. As a direct and proximate result the acts of the Defendants alleged herein, Pinnell

7

was fired by Defendants.

52. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer lost wages and other benefits of employment.

53. As a direct and proximate result of the acts of the Defendants alleged herein, Pinnell has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

54. The conduct of the individual Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Pinnell's constitutional and statutory rights, justifying an award of punitive damages against the Defendants in their individual capacities to punish them and to deter them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff Angela Pinnell prays this Court enter judgment in her favor and against all Defendants and thereafter order Defendants to make her whole by awarding her damages for lost wages and other benefits of employment; awarding damages to Pinnell for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation; awarding Pinnell punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future; awarding Pinnell the costs of this action, together with her reasonable attorneys' fees; and granting such other relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

For Count IV of Plaintiff's cause of action against Defendants Layman and Driskill,

Plaintiff states as follows:

55. Pinnell alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of her Complaint.

56. Defendants, acting under color of state law, conspired together and amongst themselves and as a result reached a mutual understanding to fire Plaintiff in violation of her rights secured by Title VII and the 14th Amendment to the United States Constitution. Additionally and without waiver of the foregoing, Defendants conspired to undertake a course of conduct to protect each other from the consequences of these constitutional and statutory violations. In furtherance of this conspiracy, the Defendants committed the following overt acts:

    a. Defendants protected Grissom from the consequences of his illegal sexual harassment, even though they knew he had sexually harassed other female employees in the past.

    b. Defendants fired Pinnell because of her gender and/or protected activity.

    c. Defendants engaged in the conduct as set forth herein to protect themselves from the consequences of their misconduct.

57. Defendants shared the general conspiratorial objective which was to protect Grissom (male) and fire Pinnell (female). Such conduct is so pervasive in the Sheriff's Department and/or is engaged in by the Department's command rank officers with final policy-making authority that the Department's command rank officers are effectively insulated from civil and/or internal sanction, and therefore, Defendants felt free to engage in the misconduct described above, without any fear of sanction or retribution.

58. Defendants furthered the conspiracy by participating in it from its inception or by participating in the cover-up thereof and/or ignoring the course of conduct set forth herein so as

9

to insulate themselves and others from liability for the outrageous and unlawful acts of the Defendants as described herein, showing a tacit understanding to carry out the prohibited conduct.

59. As a direct and proximate result of the conspiracy amongst the Defendants and in furtherance thereof, Pinnell was fired by Defendants because of her gender and/or protected activity, and thereby deprived of her constitutional right to equal protection under the laws secured by the 14th Amendment to the United States Constitution and her federal statutory right to be free from illegal discrimination as secured by Title VII of the Civil Rights Act of 1964, protected by 42 U.S.C. § 1983.

60. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Pinnell has suffered and will continue to suffer lost wages and other benefits of employment.

61. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Pinnell has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

62. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Pinnell's constitutional and statutory rights, justifying an award of punitive damages against the Defendants in their individual capacities to punish them and to deter them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff Angela Pinnell prays this Court enter judgment in her favor and against Defendants Layman and Driskill and thereafter order Defendants to make her whole by awarding her damages for lost wages and other benefits of employment; awarding

damages to Pinnell for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation; awarding Pinnell punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future; awarding Pinnell the costs of this action, together with her reasonable attorneys' fees; and granting such other relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT V
## FAILURE TO TRAIN, INSTRUCT, SUPERVISE, CONTROL AND/OR DISCIPLINE COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count V of Plaintiff's cause of action against Defendant Crawford County, Missouri, Plaintiff states as follows:

63. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of her Complaint.

64. While the Department and County purportedly have policies and procedures prohibiting discrimination and retaliation, there exists within the Department and/or County customs, practices and usages that are so pervasive that they constitute the policies of Defendant County, which caused the violation of Pinnell's constitutional and statutory rights as set forth above.

65. The County's failure to affirmatively act in the face of transgressions about which it knew or should have known, established the unwritten policies, customs, practices, and/or usages of this Defendant to condone or otherwise tolerate conduct that violates the constitutional and federal statutory rights of employees of the Department in general and specifically the conduct described in this Complaint.  Alternatively, this Defendant has delegated and abrogated

all supervisory power.  Had this Defendant acted affirmatively to properly train and supervise command rank officers and/or to properly discipline command rank officers when they conduct themselves in ways that violate the constitutional and federal statutory rights of others, the discrimination against Pinnell would not have occurred.

66. The failures and refusals set forth above create a claim cognizable under 42 U.S.C. §1983.

67. In its failures described above, the County intentionally disregarded known facts or alternatively was deliberately indifferent to a risk of violating the federal rights of others, of which it knew or should have known, and its culpability caused the violation of Pinnell's federally protected constitutional and statutory rights.

68. As a direct and proximate result of the acts and/or omissions of Defendant County alleged herein, Pinnell has suffered and will continue to suffer lost wages and other benefits of employment.

69. As a direct and proximate result of the acts and/or omissions of Defendant County alleged herein, Pinnell has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

WHEREFORE, Plaintiff Angela Pinnell prays this Court enter judgment in her favor and against Defendant Crawford County, Missouri. and thereafter order Defendant to make her whole by awarding her damages for lost wages and benefits of employment; awarding damages to Pinnell for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation; awarding Pinnell the costs of this action,

together with her reasonable attorneys' fees; and granting such other relief as may appear to the Court to be equitable and just under the circumstances.

        Respectfully submitted,

        **PLEBAN & PETRUSKA LAW, LLC**

By:     /s/ Lynette M. Petruska
        Lynette M. Petruska, Mo. Bar No. 41212
        lpetruska@plebanlaw.com
        J.C. Pleban, Mo. Bar No. 63166
        jc@plebanlaw.com
        2010 South Big Bend Blvd.
        St. Louis, MO  63117
        (314) 645-6666 - Telephone
        (314) 645-7376 - Facsimile

        Attorneys for Plaintiff